Filed 11/16/21  P. v. Valentine CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VINCENT VALENTINE,<br><br>    Defendant and Appellant. | 2d Crim. No. B309720<br>(Super. Ct. No. 2019027104)<br>(Ventura County) |

Vincent Valentine appeals the judgment entered after he pleaded guilty to resisting an officer in the performance of his duties (Pen. Code, § 69, subd. (a)) and admitted suffering a prior strike conviction (*Id.*, §§ 667, subds. (c)(1), (e)(1), 1170.12, subds. (a)(1), (c)(1)).  The trial court sentenced him to 32 months in state prison and ordered him to pay a $300 public defender fee pursuant to former Government Code[1] section 27712, which was

---

[1] All further undesignated statutory references are to the Government Code.

repealed effective July 1, 2021.  Appellant contends he is entitled to have any unpaid portion of the public defender fee vacated pursuant to recently-enacted section 6111.  We agree and shall order the judgment modified accordingly.  Otherwise, we affirm.

## STATEMENT OF FACTS

Because appellant pleaded guilty prior to trial, the relevant facts are derived from the reporter's transcript of the preliminary hearing.  On the morning of August 17, 2019, California Department of Parks and Recreation Officer Joshua Pace and his partner observed appellant urinating in public.  When the officers contacted appellant, he ran away and swung his backpack at them.  Appellant eventually stopped running and sat down.  When Officer Pace attempted to handcuff appellant, appellant actively resisted and hit the officer in the face with his left arm.  Officer Pace's partner subsequently subdued appellant with a Taser and he was handcuffed and taken into custody.

## DISCUSSION

Appellant contends he is entitled to have any unpaid portion of the $300 public defender fee imposed under former section 27712 vacated pursuant to recently-enacted section 6111.  We agree.

In 2020, the Legislature passed Assembly Bill 1869 (2019-2020 Reg. Sess.) (AB 1869) to "eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system." (*Id.*, § 2, eff. Sept. 18, 2020, operative July 1, 2021.)  Among other things, AB 1869 abrogated the court's authority to impose and collect a public defender fee under former section 27712 by adding section 6111. (AB 1869, *supra*, § 11.)  As relevant here, section 6111 provides that "[o]n and after July 1, 2021, the unpaid balance of

any court-imposed costs pursuant to [now former] [s]ection 27712 . . . is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 6111, subd. (a).) Accordingly, appellant is entitled to have any unpaid portion of the fee imposed under former section 27712 vacated. (*People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 951-954.)

The People agree that appellant is not required to pay any portion of the $300 public defender fee that was outstanding as of July 1, 2021. The People claim, however, that we need not order the judgment vacated accordingly because "any outstanding amount of the public defender fee that has not been paid is automatically uncollectable [*sic*] and unenforceable after July 1, 2021."

We are not persuaded. "Pursuant to the express terms of section 6111, subdivision (a), [appellant] is entitled to the vacatur of that portion of the criminal justice administration fee imposed pursuant to former section [27712] that remains unpaid as of July 1, 2021, and to the modification of his judgment consistent with such vacatur. Section 6111, subdivision (a) provides not only that any costs imposed pursuant to the listed statutory provisions that remain unpaid on and after July 1, 2021 are 'unenforceable and uncollectible,' but also that 'any portion of a judgment imposing those costs *shall be vacated.*' [Citation.] Thus, by its express terms, section 6111 envisions that the referenced costs are to be vacated, and it makes the vacatur mandatory through its use of the word 'shall.' . . . We therefore vacate any balance of the costs imposed by the court pursuant to [former section 27712) that remains unpaid as of July 1, 2021." (*People v. Lopez-Vinck*, *supra*, 68 Cal.App.5th at pp. 953-954.)

## DISPOSITION

Any portion of the $300 public defender fee imposed by the trial court pursuant to former Government Code section 27712 that remains unpaid as of July 1, 2021 is vacated. The superior court clerk shall modify the abstract of judgment accordingly and forward a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:


GILBERT, P.J.


TANGEMAN, J.

4

Derek D. Malan, Judge
Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Nima Razfar, Deputy Attorney General, for Plaintiff and Respondent.